1

1            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

2

3    UNITED STATES OF AMERICA        :

4            v.                      :    CRIMINAL NO. 01-CR-260
                                          (Judge Kane)
5    DERRICK RUSSELL FELDER,         :
              Defendant

6

7                                    **FILED**
                                     **HARRISBURG, PA**

8                                    JUN 1 0 2004

9                 TRANSCRIPT OF PROCEEDINGS  MARY E. D'ANDREA, CLERK
                                             Per _____
10                       SENTENCING                    Deputy Clerk

11            Before:  Hon. Yvette Kane, Judge

12            Date:  May 14, 2003

13            Place:  Courtroom No. 4
                      Federal Building
14                    Harrisburg, Pa.

15

16

17   COUNSEL PRESENT:

18       CHRISTY FAWCETT, Assistant U.S. Attorney

19           For – Government

20       MATTHEW R. GOVER, Esquire

21           For – Defendant

22

23

24
                                     Monica L. Zamiska, RPR
25                                   Official Court Reporter

1    MS. FAWCETT:  Your Honor, this is No. 1:01-CR-260,

2    the United States of America v. Derrick Russell Felder.  The

3    defendant pled guilty on July 24, 2002 to Count 1 of an

4    indictment, and he's here today with Mr. Gover to be

5    sentenced.

6            THE COURT:  Mr. Gover, do you have the report?

7            MR. GOVER:  Yes, Your Honor.

8            THE COURT:  I see that there are some objections,

9    but we begin with an offense level of 28 and a criminal

10   history category III, making for an imprisonment range of 97

11   to 121 months.  Let me hear your objections.

12           MR. GOVER:  Your Honor, it's argument, and it

13   concerns the acceptance as well as the suggestion in the

14   presentence report for an upward departure.  I'm prepared to

15   proceed in the way I did earlier this morning.

16           THE COURT:  Okay.

17           MR. GOVER:  Initially, Your Honor, we're well aware

18   of the law of the third circuit in terms of Ceccarani and

19   also the case you were involved in, the Williams, Viggiano

20   case, in terms of post indictment conduct.  And that having

21   been said, Your Honor, I know it's a balancing test, even

22   then that it's not mandatory that you impose or -- it's not

23   mandatory that you follow this recommendation, and I hope

24   that you wouldn't.

25           Clearly we have a tough road to hoe here, but once

1    he was caught, I think many of the other considerations that

2    are found in 3(e)1.1 are there, that he did timely indicate

3    his intention to enter a plea and that further he met on at

4    least two occasions, possibly three, with representatives of

5    the ATF out of the eastern district.   There was also an

6    Assistant U.S. Attorney who came in and truthfully laid out

7    his role in that larger eastern district scheme to which the

8    Gettysburg situation is part of to which he still faces

9    exposure on in the eastern district.

10        The -- and, lastly, you know, he has acknowledged

11    from the outset to me, to the investigators and also to this

12    Court his culpability as it concerns the Chambersburg

13    incident.   I would hope when you weigh those issues you would

14    give him the benefit of acceptance and sentence him to an

15    appropriate sentence within that range.

16        Lastly, on the departure issue, if you don't find

17    acceptance, the top end of the range here is fairly

18    significant, and it's not like this is a small amount of

19    cocaine with a gun where it underrepresents his role.

20    Clearly the level of cocaine, the prior criminal history I

21    think places this defendant in a situation where a departure

22    beyond 120 months is -- would be in all candor I believe

23    unreasonable.   And we would hope that you would sentence this

24    defendant consistent with the guideline range and consistent

25    more importantly with acceptance as he does indeed face the

1    eastern district problem, and he recognizes that.

2           Derrick has also asked that you consider

3    designating Fort Dix as a place of confinement.

4           He had hoped that his mother and father were here.

5    I thought I saw them earlier.  I looked downstairs, and they

6    had intended to be here, but they have been very interested

7    throughout the course of this case in terms of Derrick and

8    what's occurred.  He knows he faces a very long stint in

9    jail, much longer than the last case, and I have always found

10   it an odd situation because he's one of the most articulate

11   people I have represented, and he's clearly intelligent, and

12   I hope that the Court will give him some leniency as you

13   consider your sentencing decision.

14          Derrick, excuse me, this is the time for you to

15   address the judge.  Is there anything that you wish to say?

16          THE DEFENDANT:  Yes.  First of all, good morning.

17   Um, I just would like to apologize to the Court on behalf of

18   my actions and putting my family through this matter, and

19   right now I'm 22 years old, and I don't want to spend the

20   remainder of a lot of years in prison, so I'm looking forward

21   to getting this behind me.  And I would just hope for the

22   mercy of the Court, to show some leniency on my behalf.  I

23   have plenty of time in prison to think about what I have

24   done, and I have accepted responsibility on any and all

25   matters that I have been involved with.

1          My intentions out there weren't to get in any

2    trouble.  As a matter of fact, I was pursuing further college

3    and pursuing work, but I got into some foolish activity and

4    made wrong decisions, and I'm owning up to the decisions, and

5    I'm looking for your leniency, and I hope that you will take

6    consideration in that, Your Honor, this morning.

7          THE COURT:  Thank you.  Miss Fawcett.

8          MS. FAWCETT:  Your Honor, with respect to the issue

9    of acceptance of responsibility, as the Court knows, the

10   third circuit upheld denial of acceptance of responsibility

11   for defendants who offend post charge, and that factor for

12   denying acceptance of responsibility has also been used by

13   the middle district courts on a number of occasions.  This

14   defendant reoffended in a big way.  This wasn't a minor

15   infraction that he committed of being charged in this

16   offense, and after getting bail in this offense, which was

17   also a significant break that he had, he purchased nine

18   firearms using a false Pennsylvania driver's license.  He was

19   transporting those firearms from Philadelphia to Gettysburg.

20   He indicated to the Court that he was involved in some

21   foolishness.  I would suggest to the Court that this activity

22   is certainly much more than foolishness, it's dangerous

23   criminal activity.

24          He also had a break both in the initial charging

25   decision because he could have been charged with a

1    substantially greater quantity of crack cocaine than 5 grams

2    of crack cocaine, he could have been charged with -- well,

3    there were additional offenses that may have applied, and

4    certainly an additional quantity of crack cocaine could have

5    applied.  And in addition he was then given a further break

6    in his guilty plea because he only pled guilty to one of the

7    offenses he was charged with.

8         This case is not my case, it's Mr. Behe's case.  I

9    did discuss with him before I came to court today both

10   acceptance of responsibility, and certainly the government

11   feels very strongly that he should not get credit for

12   acceptance of responsibility.  I also discussed with him the

13   issue of upward departure.  That is something that Mr. Behe

14   does not feel extremely strongly about.  I would suggest to

15   the Court, however, that under the circumstances of this

16   case, even if the Court does not grant an upward departure,

17   that the sentence at the bottom of the guideline range might

18   be inappropriate.

19        THE COURT:  I'm sorry, the bottom of the range

20   might not be appropriate?

21        MS. FAWCETT:  Might not be appropriate given the

22   circumstances.

23        THE COURT:  Mr. Felder, you present a tough case.

24        THE DEFENDANT:  Yes.

25        THE COURT:  I will tell you why, and you may

1    already know why.  The criminal behavior here is off the

2    charts.  I mean you have a terrible criminal record.  The

3    offense that you stand before the Court for now on is a

4    serious one, and then to be out of jail awaiting proceedings

5    and to go and reoffend in an horrific way, crimes involving

6    guns are -- is as serious as bank robberies and murders

7    because when you put guns out on the street for other

8    criminals to take and use, they hurt innocent people, and

9    sometimes they hurt law enforcement officers.  They want guns

10   because they can't legally get them, only nice people can

11   legally get guns.  So I view the new offense in the most

12   serious way.

13            I think the probation officer is right, there is a

14   reason to suggest that the criminal conduct and the way it's

15   calculated by the guidelines really does underestimate the

16   potential that you have to reoffend.  Everything about you

17   says you could be headed to a lifetime of crime, more and

18   more of these offenses against the community.  I don't see

19   how anybody 22 years old could have amassed the kind of

20   record that you already have, but at the same time you do

21   present a hard case because you are 22 years old, and I look

22   at what you have going for you.

23            I wish you could sit in this courtroom and see some

24   of the people who come through.  I can tell you that I can

25   look at them when they walk in the door and say they didn't

1    have a chance to do anything else, they come from poverty,

2    they had no family or family who threw them away and didn't

3    care about them.  But here you are a nice looking man,

4    articulate, good family, every reason to think that you could

5    be a good citizen and a contributing member of society, and I

6    can't for the life of me read this report and figure out why

7    you would throw all that away.

8         But there is something that says to me that there

9    is a hope here because you have those things going for you.

10   You still have this matter in the eastern district that you

11   have to face, and I don't know what the judge is going to do

12   there, but I think he or she will do the right thing, and

13   you're going to start out with already a healthy sentence, so

14   to me to put you in the higher range doesn't really

15   accomplish very much.  I'd like to think that you really have

16   learned a lesson, that you are going to leave here, do your

17   time and be one of those few people who come out of prison

18   and really turn your life around.  You have everything going

19   for you to be able to do it.  You still have family willing

20   to stand by you, they're not here today, because your mom was

21   going to be sitting in the front row crying and wondering

22   what went wrong.  You probably don't want to see that, none

23   of the rest of us want to see it either.  So I'm going to

24   sentence you at the higher end of the guideline range without

25   aggravating it further and hope for the best.  I hope you

1      make it.

2                  THE DEFENDANT:  Thank you.

3                  THE COURT:  Pursuant to the Sentencing Reform Act

4      of 1984 it's the judgment of the Court on Count 1 of the

5      indictment that the defendant Derrick Russell Felder is

6      hereby committed to the custody of the Bureau of Prisons to

7      be imprisoned for a term of 120 months.

8                  The Court finds that the defendant has the ability

9      to pay a fine below the guideline range.  Accordingly it's

10     further ordered that the defendant pay to the United States

11     the sum of $1,600, consisting of a fine of $1,500 and a

12     special assessment of $100.  The fine and assessment are due

13     immediately, shall be paid through the Clerk of Court and are

14     payable during the period of incarceration with any balance

15     to be paid within 4 years of his release from custody.

16                 On release from imprisonment the defendant shall be

17     placed on supervised release for a term of 4 years.

18                 Within 72 hours of release from custody of the

19     Bureau of Prisons the defendant shall report in person to the

20     probation office in the district to which he's released.

21                 While on supervised release the defendant shall

22     comply with the standard conditions that have been adopted by

23     the Court and with the following special conditions:  The

24     defendant shall pay any balance of the fine imposed by this

25     judgment that remains unpaid at the commencement of the term

1    of supervised release in minimum monthly installments of $50.

2    As a condition of supervision the defendant shall submit to

3    one drug test within 15 days of release from custody and at

4    least two periodic drug tests thereafter.

5         Mr. Felder, you do have a right to appeal your

6    conviction if you believe your guilty plea was somehow

7    unlawful or involuntary or that there are some other

8    fundamental defects in the proceedings that you did not waive

9    by entering a guilty plea.

10        You also have a statutory right to appeal your

11   sentence under certain circumstances, particularly if you

12   think that the sentence I now imposed is contrary to law.

13        With very few exceptions any notice of appeal would

14   have to be filed within 10 days after imposition of sentence.

15        If you're not able to pay the costs of an appeal,

16   you could request leave to appeal in forma pauperis and

17   request that the Clerk of Court file a notice of appeal on

18   your behalf.

19        Miss Fawcett, do you object to the Court

20   recommending a designation of Fort Dix?

21        MS. FAWCETT:  I do not, Your Honor.

22        THE COURT:  I will make that part of my sentencing

23   order.

24        Is there anything else for the record?

25        MS. FAWCETT:  Your Honor, we will move for

1    dismissal of Counts 2 and 3 of the indictment.

2            THE COURT:  Motion granted.

3            Anything else?

4            MR. GOVER:  No, Your Honor.

5            THE COURT:  All right, we'll be in recess.

6            MS. FAWCETT:  Thank you, Your Honor.

7            (The proceedings concluded.)

8

9         I hereby certify that the proceedings and evidence

10    of the court are contained fully and accurately in the notes

11    taken by me on the sentencing of the within cause and that

12    this is a correct transcript of the same.

13                *Monica L. Zamiska*

14                  Monica L. Zamiska, RPR

15                  Official Court Reporter

16

17

18

19

20

21

22

23

24

25