UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

MAR 11 2008

MARY E. D'ANDREA, CLERK
Per _____ AAA
          Deputy Clerk

UNITED STATES OF AMERICA   :
                           :   CRIMINAL ACTION NO.: 1 CR-01-260-001
VS.                        :
                           :   CIVIL ACTION NO.: _____
DERRICK RUSSELL FELDER     :
        DEFENDANT.         :

## MOTION FOR REDUCTION OF SENTENCE
## IN ACCORDANCE WITH, 18 U.S.C. § 3582(c)(2), et al.

MOVANT, DERRICK RUSSELL FELDER, pro se, hereby brings before the Honorable Court, this motion for an **ORDER** granting this movant, a 2-level reduction in his sentencing guideline calculation, and that the movant be resentenced accordingly, and to what relief the Court deems appropriate.

On December 11, 2007, the United States Sentencing Commission modified the guideline drug quantity thresholds for **crack cocaine offenses**, which came into effect, November 1, 2007. Subsequently the amendment was made retroactive.

Jurisdiction of the court is invoked pursuant to, 18 U.S.C. § 3582(c)(2), and as of this date, movant respectfully requests that this Court give retroactive effect to **Amendment 706**, under USSG § 1B1.10. and reduce the movant's sentence from 120 months to the lesser, and appropriate sentence under the new amendment, and in the view of the Honorable Court.

The U.S. Sentencing Commission has expressly designated Amendment 706 as one that shall be applied retroactively, See USSG § 1B1.10(c),(2007).

1

### STATEMENT OF FACTS

On 5/14/03, the Honorable Judge, Yvette Kane, in the Middle district of Pennsylvania, sentenced the movant to a term of imprisonment of 120 months, upon conviction for violation of; 21 USC § 841(a)(1) Possession With Intent to Distribute more than 5 Grams of Cocaine Base.

The movant has been in continuous custody in connection with this offense since, 11/8/01, and is currently being housed at, FCI Ray Brook.

### STATEMENT OF LAW

The district court makes two determinations in deciding whether or not to modify a sentence under section 3582(c)(2).

Under the first step, the sentencing court considers what would have been the sentence imposed had the retroactive amendment been in effect at the time the movant was sentenced. See USSG §1B1.10(b), p.s.

Then, the district court determines what sentence it would have imposed had the **NEW** sentencing range been the range in effect at the time of the ORIGINAL sentencing, leaving untouched all other previous factual decisions concerning particularized sentencing factors, See U.S. v. Wyatt, 115 F.3rd 606, 609 (8th Cir. 1997). Such factors include, inter alia; role in the offense, obstruction of justice, victim adjustments, more than minimal planning, and acceptance of responsibility. Id.

Having established the applicable Amendment guideline range, the court must next consider the factors contained in, 18 U.S.C. §3553(a) and, in the exercise of informed discretion, decide whether or not to modify the original sentence previously imposed. Wyatt, 115 F.3d at 609; 18 U.S.C.§ 3582(c)(2).

2

The United States Sentencing Commission promulgated §1B1.10 (Reduction in Term of Imprisonment as a Result of Amendment Guidline Range)(Policy Statement. Subsection(a) of §1B1.10 specifies when an 18 U.S.C. §3582(c)(2) reduction is available:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines Manual listed in subsection (c) below, a reduction in the defendants term of imprisonment is authorized under 18 U.S.C. §3582(c)(2). If none of the amendment listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

Application Note 1 further states: Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.

The background commentary further provides that authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.

In addition to specifying which guideline amendments may be retroactively applied, consistent with 28 U.S.C. § 994(u), §1B1.10 is instructive as to the amount by which movant's sentence may be reduced under 18 U.S.C. § 3582(c)(2). Subsection (b) of §1B1.10 states:

> In determining whether, and to what extent, a reduction in the term of imprisonment is

3

warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced....

The commentary further directs how courts should proceed on 18 U.S.C. § 3582(c)(2) motions. Application Note 2 states: In determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected. Application Note 3 further provides that, [w]hen the original sentence represented a downward departure, a comparable reduction below the amended guideline range may be appropriate. See USSG §1B1.10, comment (n.3).

Given the current jurisprudence afforded the district courts by recent decisions of the Supreme Court of the United States, movant respectfully asks the Court for a full consideration of section 3553(a) and for a significant reduction in his term of imprisonment, be it deemed permissible by the Honorable Court.

WHEREFORE movant prays the Honorable Court grant this motion for a 2-level reduction in the movant's guideline range, and in doing so reduce the movant's term of imprisonment by the number of months deemed appropriate, as well as provide any relief available pursuant to this motion, and as seen in the eyes of the Honorable Court.

4

Dated: 3/2/08

Respectfully submitted,

Derrick Felder

Register No.: 10894-067

Address:

FCI Ray Brook
P.O. Box 9001
Ray Brook, New York 12977

## PROOF OF SERVICE

I certify that on 3/2/08 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 3/2/08 (date) for forwarding to the Court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Signature

Dated: 3/2/08

5

CERTIFIED MAIL

7007 1490 0005 033[?] 4

Federal Correctional Institution: Ray Brook
P.O. Box # 9001
Ray Brook, NY. 12977

Office Of The Clerk
United States District Court
United States Courthouse
228 Walnut St.
P.O. Box 983
Harrisburg, PA. 17108