IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:01-CR-260-01 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| DERRICK RUSSELL FELDER | : | (Electronically Filed) |

SUPPLEMENT TO *PRO SE* MOTION FOR
REDUCTION UNDER 18 U.S.C. § 3582(c)

AND NOW comes Derrick Russell Felder, by his attorney, James V. Wade, of the Federal Public Defenders Office, and files this Supplement to the *Pro Se* Motion for Reduction Under 18 U.S.C. § 3582(c). In support thereof, it is averred as follows:

1.  On March 11, 2008, Derrick Felder filed a *pro se* motion to reduce sentence in connection with the retroactive crack cocaine guideline reductions.

2.  On March 11, 2008, the Federal Public Defender's Office was appointed pursuant to Standing Order 08-2.

3.      The Addendum to the Presentence Report was sent the parties on April 9, 2008.

4.      Neither the United States nor undersigned counsel has filed any documents relating to a sentence reduction in connection with Derrick Felder's case.

5.      The undersigned counsel has reviewed the pro se filing, the original Presentence Report, the Statement of Reasons, and the docket sheets and Sentencing Transcript from Derrick Felder's case in the Eastern District of Pennsylvania at No. 03-CR-495-1 and agrees with the Guideline Recalculations Section of the Addendum distributed by the Probation Office-- that Derrick Felder is eligible for a two level reduction in his previous total offense level.

6.      Derrick Felder's prior total offense level was 28.  His new total offense level is 26.  Derrick Felder was found to be responsible for 13.5 grams of crack cocaine.

7.      His criminal history category of III remains the same.

8.      The original sentencing guideline range was 97 months to 121 months.

9. Felder's new imprisonment range is 78 months to 97 months.

10. On May 14, 2003, this Court sentenced Derrick Felder to a term of imprisonment of 120 months – one month below the upper end of the range.

11. If the Court were to impose a sentence that represented a one month below the upper end of the new guideline range, Derrick Felder's sentence would be 96 months. This represents a 24-month reduction of the previous sentence.

12. Derrick Felder's projected release date is April 8, 2013.

13. This is not a time served case.

14. Counsel would like to respond to two sections of the Addendum to the Presentence Report – the Public Safety Factor section and the Post Sentencing Conduct section.

15. Public Safety Factor

The first four paragraphs of this section set for aggravating factors that were known at the original sentencing. The Court addressed these aggravating factors

by sentencing one month below the upper end of the sentencing guideline range. The parties to this crack reduction assume the guidelines were correctly assessed originally. The Sentencing Commission has now declared those Guidelines were unduly harsh and unfair. To rectify those harsh sentences, the Sentencing Commission has made them retroactive to previously sentenced crack offenders. The Court should address the aggravating factors by sentencing Derrick Felder to one month below the upper end of the new sentencing guideline range.

The Addendum to the Presentence Report addresses the Eastern District of Pennsylvania criminal case in paragraphs 5 and 6 of the Public Safety Factor section. Derrick Felder actually received prison time for the Eastern District of Pennsylvania case. The Addendum reports that Felder was sentenced to an aggregate term of 120 months imprisonment to run concurrently with the term of imprisonment imposed by this Court. While this summary is true, it is a bit misleading by omission. The Eastern District of Pennsylvania sentence is not completely concurrent with our sentence. Judge Anita Brody made it clear that her sentencing intention was to make the two federal sentences completely concurrent. *See* (E.D. of PA Sentencing Transcript attached.) Derrick Felder had two sentencing hearings in the Eastern District. The first was on December 15, 2005 and the second was on January 24, 2006. The Eastern District's sentence is approximately 31 months longer than the Middle District's sentence. This 31

months is the difference between the date the Middle District's sentence was imposed (May 14, 2003) and the date the Eastern District's sentence was effective (December 15, 2005). Judge Brody placed on the record at the re-sentencing hearing that if she had her "druthers, I would reduce the sentence by two years." *See* (E.D. of PA Sentencing Transcript, p.8) Judge Brody could not reduce the sentence further because Felder was subject to a mandatory minimum ten year sentence in her Court. Felder has filed for a crack reduction in his Eastern District case, but will likely fail because he is serving a mandatory minimum sentence from that court.

      Counsel views the unusual circumstances of the Eastern District case not as a reason for denying an eligible person a reduction, but to the contrary, as a reason to grant the reduction. In fact a crack reduction in the Middle District is not likely to reduce Derrick Felder's sentence at all. This occurs because the Middle District sentence will not end before the imposition of the ten year mandatory minimum sentence imposed by the Eastern District. Another way to think about it is that Judge Brody's sentence is always going to run for ten years from December 15, 2005 no matter what we do here. Thus, a crack reduction in this district cannot possibly put the public at risk anytime sooner than it would otherwise be.

16.   Post Sentencing Conduct.

If the Court is relying on this section of the Addendum to deny Derrick Felder a crack reduction, counsel requests a hearing and an opportunity to conduct discovery of the various disciplinary matters referenced in this section of the Addendum.

All of the matters referenced in this section were apparently dealt with administratively rather than criminally. Administrative sanctions usually involve loss of privileges and good time days. Sometimes these sanctions involve a disciplinary transfer to another institution. More serious infractions are referred for criminal prosecution. Thus, even in the eyes of the Department of Justice these disciplinary actions were not so serious as to require federal prosecution.

WHEREFORE, it is respectfully requested that this Honorable Court grant Derrick Russell Felder's *Pro Se* Motion to Reduce Sentence Under 18 U.S.C. § 3582(c).

Respectfully submitted,

Date: April 14, 2008

s/ James V. Wade
JAMES V. WADE, ESQUIRE
Federal Public Defender
Attorney ID #PA33352
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
<James_Wade@fd.org>
*Attorney for Derrick R. Felder*

# CERTIFICATE OF SERVICE

I, James V. Wade, Federal Public Defender for the Middle District of Pennsylvania, do hereby certify that I served a copy of the foregoing **SUPPLEMENT TO THE *PRO SE* MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2),** via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

Martin A. Carlson, Esquire

William A. Behe, Esquire

Drew Thompson

Derrick Russell Felder

Date: April 14, 2008

*s/ James V. Wade*
JAMES V. WADE, ESQUIRE
Federal Public Defender
Attorney ID #PA33352
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
<*James_Wade@fd.org*>
*Attorney for Derrick Russell Felder*