IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - -

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 03-CR-495-1 |
| Plaintiff | : | |
| | : | |
| vs. | : | Philadelphia, Pennsylvania |
| | : | January 24, 2006 |
| DERRICK FELDER | : | |
| | : | |
| Defendant | : | RE-SENTENCING HEARING |

- - - - - - - - - - - - -

BEFORE THE HONORABLE ANITA B. BRODY
UNITED STATES DISTRICT COURT JUDGE

- - -

APPEARANCES:

For the Government: LINDA DALE HOFFA, ESQUIRE
BEA WITZLEBEN, ESQUIRE
UNITED STATES ATTORNEY'S OFFICE
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106

For the Defendant: STEVEN A. MORLEY, ESQUIRE
MORLEY SURIN & GRIFFIN
325 Chestnut Street
Philadelphia, Pennsylvania 19106

Probation Office: Cassie Musselman

Also Present: Henry J. Sadowski, Esquire
U.S. Department of Justice
U.S. Customs House, 7th Floor
2nd & Chestnut Streets
Philadelphia, Pennsylvania 19106

Law Clerk: Leonard Braman

Deputy Clerk/
ESR Operator: James F.G. Scheidt

TRANSCRIBED BY: Drummond Transcription Service
Haddon Heights, New Jersey 08035

Proceedings recorded by electronic sound recording, transcript produced by computer-aided transcription service.

1           (At 9:52 a.m. in Courtroom 7B.)

2           DEPUTY CLERK: All rise.

3           THE COURT: Okay.

4           We're here in the matter of the <u>United States versus

5    Derrick Felder</u> at Criminal Action No. 2003-495-1 and it's my

6    understanding -- and I also recognize the presence of Mr.

7    Morley.

8           MR. MORLEY: Good morning, your Honor.

9           THE COURT: Ms. Witzleben.

10          MS. WITZLEBEN: Good morning, your Honor.

11          THE COURT: Wow, a lot -- we have a lot of high-

12   powered people here --

13          MS. HOFFA: Good morning, your Honor.

14          THE COURT: -- Ms. Hoffa.

15          MS. HOFFA: Linda Hoffa from the U.S. Attorney's

16   office.

17          THE COURT: Very important. Okay.

18          The last sentencing, apparently, I did something that

19   was not very good, Mr. Felder. I guess, your lawyer informed

20   you about what it was, which was that I tried to be generous and

21   I'm not allowed to be, to put a bottom line.

22          I tried to run a sentence from a date -- as explained

23   to me -- was illegal to do, which was an earlier date.

24          And the date of the last sentencing was on December

25   16th -- I think -- is that correct, Mr. Morley, is that --

3

1        MR. MORLEY: It was the 15th.

2        THE COURT: The 15th?

3        MS. HOFFA: December 15th.

4        THE COURT: Oh.

5        (Discussion held off the record.)

6        THE COURT: All right. So, it's December 15th, 2005.

7        There's no problem with my running a sentence from

8   then?

9        MR. SADOWSKI: No, your Honor, that's fine.

10       THE COURT: All right.

11       Why don't you explain that, if you don't mind.

12       We'll identify Mr. Sadowski. Mr. Sadowski is the

13  legal counsel from the Board of Prisons, who decides how -- time

14  served and those kinds of issues.

15       Would you mind -- for the record -- explaining to Mr.

16  Felder and to the Court, exactly, what the issue is?

17       MR. SADOWSKI: Sure, your Honor.

18       Can I -- could I do that right here?

19       THE COURT: Anywhere you want, come up here any --

20  anything, you want.

21       MR. SADOWSKI: Okay.

22       THE COURT: That's fine, you can stay there.

23       MR. SADOWSKI: Right.

24       The Bureau of Prisons has to complete the sentence,

25  it's a two-step process.

4

1   We have to decide when sentences begin, then we have
2   to decide prior custody credit.
3       THE COURT: Okay.
4       MR. SADOWSKI: So, there's two different parts of the
5   statute that applies.
6       And when sentencing begins it is controlled by 18 USC,
7   3585(a), which essentially says, that a sentence begin when
8   you're in -- in custody for purposes of serving the sentence.
9   You can't be in custody for purposes of serving the sentence,
10  unless you actually have a sentence.
11      So, the earliest date that a sentence could begin is
12  the date that it's imposed.
13      In this case, the sentence was imposed December 15,
14  2005, so that the earliest date that sentence could begin is
15  that date of its imposition.
16      THE COURT: Well, let me understand that.
17      So, if he -- was he -- he had been in a good deal
18  before that, Mr. Sadowski.
19      So, why couldn't that count, because very often I will
20  have a sentence where somebody is in prison, say, two years
21  earlier on that charge and then, I sentence them and they do get
22  credit --
23      MR. SADOWSKI: Right.
24      THE COURT: -- so, why are they not able to get credit
25  in this case?

1        MR. SADOWSKI:  And typically, in that case, there is
2   no other sentence.
3            What complicates the case here is, that there's a
4   prior sentence imposed by the Middle District of Pennsylvania,
5   roughly, two and a half years ago.  I think that was imposed in
6   May of 2003.
7        THE COURT:  Hm-hmm.
8        MR. SADOWSKI:  So that from May of 2003, that sentence
9   began on the date it was imposed as well.
10       THE COURT:  I see.
11       MR. SADOWSKI:  So, he was actually serving a federal
12  sentence from May, 2003 -- and presently, right now as well.
13           So, when you're serving a sentence, that falls under
14  the A Section of Section 3585A.
15           Prior custody credit -- 3585B -- applies to any time
16  in detention prior to your sentences beginning.
17       THE COURT:  Hm-hmm.
18       MR. MORLEY:  So that any time in custody that -- that
19  the defendant was in official detention prior to May, 2003 will
20  be credited under 3583B as prior custody credit towards the
21  sentence in the Middle District of Pennsylvania and your Honor's
22  sentence.  Okay -- okay.
23           But once you start serving a sentence, it takes it out
24  of prior custody credit Statute 3538B, that's what makes it
25  complicated in this case.

1          THE COURT: I see.
2          Mr. Morley, is that consistent with what your
3  understanding of the law is?
4          MR. MORLEY: It's -- it's consistent with my
5  understanding of the law now, Judge.
6          THE COURT: Okay.
7          MR. MORLEY: Ah -- my -- well, I --
8          THE COURT: All right.
9          MR. MORLEY: -- I'm -- I have a question for -- for
10 Mr. Sadowski, but I'll wait till he finishes.
11         THE COURT: Oh, I thought he was finished.
12         MR. SADOWSKI: I think I am finished.
13         MR. MORLEY: Okay.
14         THE COURT: Otherwise, I wouldn't have turned to you.
15         MR. MORLEY: Mr. Sadowski, the -- I understand from
16 Third Circuit precedent, particularly, I read a couple of cases,
17 the most recent one that I read was <u>Ruggiano versus Riche</u> (ph).
18         And that case allows a federal judge to adjust the
19 sentence. And it's, essentially, a guidelines case.
20         MR. SADOWSKI: Yes.
21         MR. MORLEY: Whether -- the language was whether
22 adjust should be the right word or credit or departure.
23         THE COURT: In other words, what -- what you're
24 saying, Mr. Morley, is that I have a right to reduce a sentence
25 by the two years, that -- that -- so, that he -- I would -- so

1    that he would be able to serve a sentence that I intended for
2    him to sentence.
3             The problem as I understand in this case, is that it's
4    a --
5             MR. MORLEY:  It's a mandatory.
6             THE COURT:  -- mandatory.
7             MR. MORLEY:  There's a mandatory minimum.
8             THE COURT:  So, I don't have that option, unless the
9    Government would go along with --
10            MR. MORLEY:  Exactly.
11            THE COURT:  -- my suggestion.
12            MR. MORLEY:  Yeah.
13            That -- that's the other problem.
14            The other question -- that's -- that's one problem
15   that I saw.
16            The other question I have is -- Mr. Sadowski -- is
17   Riche and the cases before it -- or Ruggiano -- and the cases
18   before it, talked in terms of the difference between a federal
19   sentence and a state sentence, that it's given credit for the
20   federal sentence and the state sentence.
21            You -- you don't -- your office doesn't see a
22   distinction there?
23            MR. SADOWSKI:  For the purposes of 5G1.3?
24            MR. MORLEY:  For 5G1.3.
25            MR. SADOWSKI:  Right.

8

1          It -- the guidelines doesn't specify state or federal,
2     it -- it's undischarged term --
3          MR. MORLEY:  It's undischarged term.
4          MR. SADOWSKI:  -- B is related to the second offense.
5          C is unrelated, Ruggiano allows the Court to do that
6     for offenses prior to November of '03.
7          MR. MORLEY:  Yeah.
8          MR. SADOWSKI:  And then, the guidelines changed --
9          MR. MORLEY:  Because the guidelines changed, yeah --
10         MR. SADOWSKI:  -- in November of '03.
11         MR. MORLEY:  -- in November of '03, right.
12         THE COURT:  Okay.
13         MR. SADOWSKI:  But there's no distinction between
14    state and federal for discharged -- undischarged -- excuse me --
15    undischarged sentences.
16         THE COURT:  Okay.
17         Well, this is what I think I have to do.
18         As I understand it, Ms. Hoffa, the Government is
19    unwilling to waive the -- the mandatory, is that correct?
20         MS. HOFFA:  That's correct, your Honor.
21         THE COURT:  All right.
22         So, I don't have a choice -- I don't have a choice.
23         I would -- I would let -- I want the record to reflect
24    -- so that -- for the purposes of appeal -- that if I had my
25    druthers, I would reduce the sentence by two years, which was

1    the difference in time between when I imposed this -- the date I
2    imposed the sentence and the date that I -- that I am compelled
3    to begin the sentence under the statute.  And I respect that,
4    Mr. Sadowski, I understand that you have to do your job.
5                But I don't have a choice and, therefore, I will have
6    -- I will reimpose the sentence and it will have to begin
7    December 15th, with the clear understanding that you have a
8    record now, Mr. Morley, so that you can go up if you wish to --
9    to discuss with the Third Circuit and to bring to their
10   attention that may I do this even in a mandatory sentence.
11               That's what the issue is.  Is that how you see the
12   issue?
13               MR. MORLEY:  Yes, your Honor.
14               THE COURT:  Okay.
15               MR. MORLEY:  I'll discuss it with my client, if he
16   wants to take an appeal.
17               THE COURT:  All right.
18               MR. MORLEY:  The only --
19               THE COURT:  So, that you can appeal it.
20               MR. MORLEY:  -- the only other issue, your Honor, is I
21   did receive a call from the Probation officer -- a message from
22   the Probation officer -- the other day, Mr. White -- we have a
23   stand in today.
24               That was going -- left a message that there was an
25   intention to re -- reduce one of the points on the criminal

1    history charge, which would have taken it to a different level.

2            Now, it wouldn't affect the sentence, it just would

3    affect the overall guidelines calculations.

4            Your Honor sentence is still below those guidelines,

5    so I don't --

6            THE COURT:  I don't think that that's material.

7            And I would have no objection to your working

8    something out with the Government on that with the -- with the

9    Probation --

10           MS. HOFFA:  We -- we got the same call from Mr. White,

11   your Honor, and we understood he was going to -- Mr. Morley

12   raised it at the original sentencing, this issue of whether a

13   certain conviction was one or two points.

14           Mr. White has been unable to confirm that it's a two

15   point, so he's prepared to give it one and we are amenable to

16   that.

17           THE COURT:  Okay.

18           MR. MORLEY:  Okay.

19           THE COURT:  Fine.

20           So, that should be no problem.  I will order Mr. White

21   to make that adjustment.

22           MR. MORLEY:  Thank you, your Honor.

23           THE COURT:  Okay.  All right.

24           Since you now have a vacated sentence, I now have to

25   impose sentence again.

```
```


                                                                  11

1           But that -- now I can do it as of the 15th, is that
2  right, Mr. Sadowski?
3           MR. SADOWSKI: That'S correct, your Honor.
4           THE COURT: Okay. That's fine.
5           And I'm going to give you a legal sentence this time,
6  last time, I gave you an illegal sentence, this time I'm going
7  to give you a legal sentence.
8           Please stand.
9           And now -- what?
10          (Discussion held off the record.)
11          THE COURT: I don't think he needs allocution again,
12 do -- unless you want -- I mean -- Mr. Morley?
13          MR. MORLEY: I -- I have no need, I don't see any need
14 to do --
15          THE COURT: Do you --
16          MR. MORLEY: Is there something you wanted to tell the
17 Judge? I mean --
18          THE COURT: Yeah, did you wish to be heard again, Mr.
19 Felder?
20          THE DEFENDANT: No.
21          THE COURT: Say it aloud.
22          THE DEFENDANT: No.
23          THE COURT: Okay. All right.
24          And now this 24th day of January in the year 2006, in
25 the matter of the United States versus Derrick Felder, Criminal

1   Action No. 3-495-01, I sentence you to ten years in prison, five
2   years of supervised release. I impose a $2500.00 fine, I
3   believe, that was the same fine that was imposed last time, is
4   that not correct -- I don't have my --
5              (Discussion held off the record.)
6              THE COURT: A two hundred dollar special assessment.
7              MR. MORLEY: Yes, your Honor.
8              THE COURT: That's correct.
9              And the -- the sentence is to run concurrently with
10  that sentence that was imposed in the Middle District of
11  Pennsylvania, but the sentence is to begin on December 15th,
12  2005.
13             And for the reasons that -- that -- let the record
14  again reflect that if I -- if I had the freedom to sentence you
15  to two years less, because of -- and make the adjustment --
16  because I -- the time-served issue that was discussed in court
17  here, I would do so.
18             But because it's a mandatory sentence, I -- I believe
19  I don't have the power to do so and I have no intention of
20  imposing an illegal sentence. Okay.
21             Now, if you -- I will give him his rights to -- what?
22             (Discussion held off the record.)
23             THE COURT: Interest on the fine is waived.
24             If you wish to appeal my sentence, you must do so
25  immediately. If you cannot afford a lawyer, one will be

1   appointed for you free of charge.

2         If you are going to appeal, you have ten days in which

3   to do so.  Okay.

4         MR. MORLEY:  Thank you, your Honor.

5         MS. HOFFA:  Thank you, your Honor.

6         (Adjourned in this matter at 10:03 a.m.)

7                        * * *


C E R T I F I C A T E

I do hereby certify that the foregoing is a correct transcript of the electronic-sound recording of the proceedings in the above-entitled matter.

_____          Date: June 19, 2006
Gail Drummond
28 8th Avenue
Haddon Heights, New Jersey  08035
(856-546-6270)